DWIGHT H. HART, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6013.   Promulgated February 23, 1928.

*Ralph W. Smith, Esq.,* and *Claude I. Parker, Esq.,* for the petitioner.

*LeRoy Hight, Esq.,* for the respondent.

OPINION.

Marquette: The petitioner contends that on March 1, 1913, the partnership of Hart Brothers held leases on Properties A, B, and C, mentioned in the findings of fact, which had a fair market value of at least $150,000 on that date; that the contract to lease Property D had a fair market value of at least $175,000 on March 1, 1913, and that the partnership in computing its net income for the years 1919, 1920, and 1922, is entitled to a deduction for the exhaustion of the leases and the contract.

It is well settled that a partnership in computing its net income is entitled to deduct a reasonable allowance for the exhaustion, wear and tear of property used in a trade or business, and such property may include leaseholds and contracts. The basis upon which the allowance is computed is the cost of the property, or if the property was acquired prior to March 1, 1913, the fair market price or value thereof on March 1, 1913. These propositions are almost axiomatic and need no citations to support them.

One of the leaseholds owned by the partnership of Hart Brothers during the years 1919, 1920, and 1922, for the exhaustion of which the petitioner contends they are entitled to an allowance, was lease No. 7, which covered Property A. This lease was not acquired by the partnership prior to March 1, 1913, and under the rule just stated the basis for computing the depreciation allowance is cost. We find, however, that the lease cost the partnership nothing except the annual rentals, and these rentals it is entitled to deduct as a necessary business expense. The partnership is therefore not entitled to any deduction for the exhaustion of lease No. 7.

The petitioner testified that leases 6 and 7 had a value of at least $150,000 on March 1, 1913. He introduced other witnesses who testified that these leases had a value on that date of at least $100,000. No attempt was made to value each lease separately. The values ascribed by the witnesses were based upon an estimated rental value of $12 per month for each of the 280 rooms in the property, a rental value of $23 per month for each front foot of store space, and a rental value of $50 per month for each front foot of the space occupied by

the bar. The evidence shows that the property covered by lease No. 6 contained 210 rooms and that the frontage available for store space did not exceed 65 feet, the remainder of the frontage being occupied by the ladies' parlor and dining room. The partnership paid a monthly rental of $4,200 for this property during the life of the lease. Allowing a monthly rental value of $12 per room and a monthly rental of $23 per front foot for the available store space, as claimed by the petitioner, we find that the total rental value of the property covered by lease No. 6 was, on this basis, not to exceed $4,015 per month, which is less than the amount the partnership was obligated to pay under the lease. The evidence fails to establish that lease No. 6 had any fair market price or value on March 1, 1913, and the partnership is, therefore, not entitled to any allowance for the exhaustion of that lease during the years 1919, 1920 and 1922.

The petitioner introduced evidence attempting to establish that the contract to lease Property D made by the partnership on October 6, 1911, had a fair market value on March 1, 1913, of at least $175,000. This valuation is based on the theory that the rental value of Property D on March 1, 1913, was in excess of the rental payable under the lease. While it may be true that the annual rental value of the land on March 1, 1913, was greater than the annual rental provided by the lease, that fact alone, in view of the other provisions of the contract to lease, does not establish any value for the contract. The partnership was by the agreement obligated to do other things than pay an annual rental, to wit, pay the taxes and construct a building costing $700,000, of which at least $304,750 was to be paid by the partnership. The evidence fails to show, in our opinion, that the contract in question had any fair market value on March 1, 1913, and we therefore hold that the respondent properly refused to allow the partnership to take any deduction for the exhaustion thereof.

*Judgment will be entered for the respondent.*